case numbers 24 36 31 24 36 33 24 36 34 Elfido Gonzalez Castillo v. Pamela Bondi oral argument not to exceed 15 minutes per side Mr. Winograd for the appellate please the court uh Ben Winograd for the petitioner if i may reserve three minutes for thank you the question before the supreme court in both eichenlaub and costello was whether the ground of deportability at issue applied to persons who were naturalized citizens at the time of conviction in eichenlaub the court held that it did in costello the court held that it didn't when congress later enacted the grant of deportability at issue in this case it used language that is materially indistinguishable from that in costello so under the prior construction canon the court must presume that congress adopted the presumption adopted the construction set forth in costello it's true of course that congress eliminated the provision on which costello relied involving judicial recommendations against deportation or j-rads but the immigration rule of lenity was an independent basis for the holding in costello so one of the legs on which costello rested is still valid and as importantly if costello did apply to any provision that wasn't eligible for a j-rad that would mean that costello would no longer apply to the very ground of deportability at issue in that case now the government can correct me if i'm wrong but yes out of curiosity um so your client has let's just say you win but your client still has this problem that he's lost his citizenship right so are there other grounds on which he could be deported what what's the what's the state of play so you win this case so now but he's still i guess you'd say an alien or whatever the right word is what could happen to him in terms of staying in this country or being removed well i think that's a question for the government to answer um there i mean the government could attempt to lodge other charges of deportability um that's what i'm trying to what are the options what are they well under this court's decision in on gurry uh right this isn't just a question for them this is sure very important to you as well because the question might be should he pay a price for something he did that he shouldn't have and some people would say he's dangerous etc so the it's a question one's going to have to come to grips with well sure i mean the government could attempt to allege that his conviction qualified as sexual abuse of a minor there would but there would be a big residue to caught a problem with that argument because they could have raised that and also that would also run into the same citizenship problem because the grant of deportability involving sexual abuse of a minor uses the same language as the grant as the child abuse grant of deportability as it is is that what you mean in his formulation in our formulation so if we win on the merits then i don't think a sexual abuse of a minor charge could prevail for the same reason take that one off the table right i'm assuming you win so i mean at at this i don't think so i think had the government uh uh discovered the fraud more quickly than it perhaps could have charged him criminally with naturalization fraud um and perhaps lying to a federal officer under 18 usc 1001 presumably right now we're outside the five-year statute so so i don't think i mean and had he been convicted of those i think those would be crimes involving so at this stage in the game i i do not know uh that the government could lodge a successful charge of deportability but again you know my my role is not to raise arguments for the government it is to answer questions certainly but i i don't even understand what the stat how does it work what is the status at that point oh he would he would revert to being a lawful permanent resident as he was when he was in removal proceedings he was a permanent resident when the proceedings were initiated to remove him so if those proceedings are terminated he would revert to being a lawful permanent resident and forgive me this is such an ignorant question is there no distinction between deportability and removal a ground of deportability is simply a basis on which the government can remove an alien who has been admitted to the country there are other ways in someone is what i'm getting at well i mean there's extradition if he committed a crime in a foreign country but i have no reason to think that exists can i can i ask you are you yeah can i ask you a question um related to what you started with which is the eiken lab costello distinction so it's my understanding under your argument which i i think has fine support in costello obviously that uh is matters versus has been or have been or whatever am i right to think then that if he was a drug abuser they wouldn't even have to convict him and could deport him but because he's a child abuser they can't i mean i think that's an open question but yes i think uh that would be a much more difficult argument for us if he was charged under the under the drug abuser uh provision both because it requires it uses has been and doesn't rely on any sort of conviction i mean so isn't the real problem here and maybe i'm thinking of it wrong is that in costello the court appears to have and you're going to have a different view of this obviously butchered the relation back in other words the government's argument in their brief is that the relation back provision kind of cures all these is has been problems because if they procure their citizenship by fraud as your client did then they can the relation back cures that such that we don't have this uneven posture where if you commit certain controlled substances offenses or you commit drug abuse and not even convicted you can be deported but if you commit an aggravated felony or child abuse or a molestation of a child you can't be deported that seems perverse to me and isn't our job to read the statute holistically congress has enacted many arbitrary distinctions in the grounds of deportability for example aliens who have been convicted of an aggravated felony or crimes and crimes involving moral turpitude can be forgiven if they receive a pardon from the president or the governor of the state but that pardon provision for whatever reason does not apply to drug offenses or firearm offenses or child abuse offenses it is not clear why congress has enacted any of these arbitrary distinctions we just have to go by the text now with regard to the relation back doctrine yeah that's the government's alternative argument but the supreme court squarely rejected it in costello and invited congress to change the statute if it disagreed and congress hasn't disagreed argument about subsequent case law making clear that you can't undo citizenship and so we have to treat him as if he never had citizenship in the first place i'm putting a little bit of a gloss on their argument but that sure it is still the supreme court's own prerogative to overrule their cases and as we explain the reason we think the government is simply over reading the board and now the government is over reading the cases on which on which they rely one of those cases was decided three months after costello the other was decided three years neither even cited costello we think it's quite a stretch to say that those cases um overruled costello to the extent that this court would no longer have to follow it your position is if you get your citizenship by fraud or duress let's say you put a gun to the citizenship officer's head and say fill out that form and get your citizenship you've basically got immunity from deportation at that point for child abuse well if you put a gun to the citizenship offers head officer's head you'd be arrested as soon as you walked out of the building but if you can i get it but the reality is if you commit fraud like your client did you wouldn't be yes because the the remedy for that fraud is to take away the fraudulently obtained status which is uh which is citizenship now i i completely the point is well taken about you know people in my client's position getting an undeserved windfall but i would say this had my client not been a citizen at the time that his criminal proceedings concluded there's no guarantee that he would have been convicted uh of any offense or pleaded guilty to this offense if he had been uh an alien at the time he may have rolled the dice and decided to go to trial and maybe he would have been acquitted similarly if he pled guilty he was guilty yes but but but he may have uh driven a harder bargain and been able to secure a plea to a non-removal offense in maryland for example he could have pled guilty to second degree assault which is similar to common law assault and there are no immigration uh uh adverse immigration consequences for that the supreme court understood that very possibility and rejected it in costello and it says yet even though it may seem unfortunate in these circumstances that my client may be allowed to stay we would be putting him in a disadvantaged position relative uh to have if he had never committed fraud in the naturalization process because if he had still been an alien the criminal proceedings could have played out very differently what about the fact that costello relies on the rule of lenity and this supreme court seems pretty skeptical of using the rule of lenity i i respectfully disagree that the the the immigration rule of lenity has never been overruled by the supreme court um it was cited you know it's citing costello in many cases thereafter the court may be skeptical but this hasn't overruled it altogether i mean the the government's argument is that lober bright overrules the immigration rule of lenity but we think lober bright does no such thing lober bright overruled the chevron doctrine it did not purport to overrule the immigration rule of lenity uh any more than it purported to overrule the criminal rule of lenity and so again if it would be up for the to the supreme court itself to overrule the immigration immigration rule of legislative history that's also kind of not in vogue anymore it's not in vogue but it hasn't been overruled there is no supreme court decision that says look you know lower courts cannot rely on legislative history and any supreme court decision that relied on legislative history is therefore no longer valid if anything loper bright points in the opposite direction when it's discussion of stare decisis when it said that just because a prior decision uh relied on everyone's methodology it still has stare decisis purposes it's still entitled to stare decisis respect for statutory purposes and i think it would be uh frankly a minefield to say any prior decision of the supreme court that relied on legislative history is no longer binding simply because even perhaps the majority of the supreme court finds legislative history not to be in vogue at the moment skidmore applies to immigration laws skidmore yeah yeah no we will dispute that that skidmore still applies but we certainly don't think i don't think the government has even requested skidmore deference or if they have asking you yes skidmore still does apply in the immigration context but it does not do the work that chevron did of putting a proverbial thumb on the scale in favor of the government just a pinky i i i something on the scale and it's against i mean it's a it's kind of astonishing to me to use skid skidmore or in the past use chevron in the criminal or immigration context it's very shocking to me but anyway you're you're on that well from your lips to the supreme court's ears i agree that that no deference should be you know as a matter of first principles i don't think any deference should be given to the government uh when it comes to depriving individuals of their liberty um but i i think at this point it's said a law that at least skidmore still survives in the immigration context um and if i could just make one more point about the relation back theory um adopting that theory would allow the government to deport virtually any denaturalized citizen regardless of whether they had ever been convicted of a crime and the reason which we note in footnote four of our reply brief is that there is a grant of deportability that applies to aliens who falsely claim to be u.s citizens even if they're just submitting an i-9 when they're applying for a job so if the government's theory is correct any denaturalized citizen who claimed to be a citizen before they were denaturalized would ipso facto uh become deportable after being denaturalized what grounds can they be denaturalized for other than fraud and procuring citizenship oh if it was simply uh procured unlawfully if if if you know for example you have to be physically present for five years as an lpr before becoming a naturalized citizen if you were physically present for four years and 364 days but the uh the naturalization officer missed it late years later they could claw that back and denaturalize if there's any technical deficiency whatsoever in a naturalization application that is grounds for subsequent denaturalization thank you your honor may it please the court alana jung for the attorney general your honors congress did not intend for people like the petitioners who fraudulently obtained citizenship and then later had it revoked to use that fraud as a ready and an effective shield to overrule costello your honor not not directly your honor but since well then we're just kind of stuck with it aren't we no your honor because as the board concluded in this case and we do think that skidmore deference is still applicable because it is the power of persuasion as the board provided in this case in the decisions and in rosie and in gonzalez murrow the pillars that costello was founded on the three pillars over time they're no longer they are no longer the grounds to support costello and the board has distinguished those three grounds and this court should distinguish those three grounds your honor and so first the relation i mean so just let's say this was a case about moral turpitude i mean would that be still good law your honor the government's position is that this court should read this court should read the statute 1226a2 holistically and reading the crime of moral turpitude provision reading the aggravated felony provisions reading the drug offense provision this court should look at the language and conclude that one was the petition an alien he's an alien is there a conviction has there been conviction there is a conviction and so because there's an alien because there's a conviction that he should be found removable and costello should not be applicable your honor what what i mean i mean it's not i don't mean to be harsh on gonzalez but i mean if the government's position is he shouldn't be in the country let's say you can't prevail today are there other grounds on which he could be removed unfortunately your honor there is other grounds but if um there they would if the court concludes that costello applies then none of the other provisions if we look at aggravated felonies cimt they would not apply and so the government would not be able to charge him with other grounds of removability and if this court if this court remands to the board the board would unfortunately have to terminate proceedings and he would that is it your honor unfortunately there be no other ground for removal removing at this moment when i'm because because he'll he has reverted his status back to being a lawful permanent residence and under being a lawful permanent residence afforded affords them protection as opposed to individuals without status and the grounds of deport deportability are limited and are very serious and unfortunately the government would not be able to i guess say one thing i mean the only the only reason to pause over that point is that's what makes costello not look crazy that we we do have different rules once you obtain that status and and it's the the they're warranted like it's a we want people to follow the rules and you get that status even when you misbehave the rules are different like maybe they should be different well your honor the government just agrees and disagree in one like the rules are different when you're an lvr versus when you don't have status but when you obtain your naturalization by fraud and then it has been rescinded void up to the start as 1451a provides he the district court vacate the district court removed his citizenship certificate under illegal procurement when a non-citizen has had his naturalization revoked in that instance he has been he is now an alien an lpr now and the rules should be different for someone who is an lpr but when he's now he's just an alien he should be treated like any other alien who is subject to a charge of removable that's the government's point we're on and that's why the government one of its theories is the relation back doctrine 1451a provides that once a naturalization certificate is revoked it goes it's void from the start then the lpr is the lpr the non-citizen is an alien theory addressed in costello they did your honor but through but your honor that is the theory and it was back it was it was related to derivative citizenship the court concluded that because there's no language indicating that it was it applied to removability that it only applied to derivative citizenship because of the case that language hasn't changed your honor but the government's position is this court like in itchin like in itchin lab like judge justice white in costello in dissent this court should look at the entirety of language of 1221a2 and conclude that there is no there is no distinction between non-citizens who never became citizens there is no distinction between non-citizens who were naturalized and had their had their naturalization certificate revoked the court congress did not make that distinction in statute it just says any alien who at any time has is or was convicted there's a petitioner is an alien he was convicted of sexual a crime of sexual abuse it means it's not as if this is a topic that the legislatures don't like to talk about i mean it's i mean that's edward bennett williams gets this incredible victory in costello and it's been around for 60 70 years and it's benefiting people like you know gonzalez and the legislature is not doing anything about it i mean i find myself saying this isn't our problem the i understand your honor the government understands however costello was costello was many many years ago and it's been many many years and we know that that makes the problem worse well your honor in 1996 it's just in statutory stereo decisive is stronger than constitutional we have this democracy that looks at things people don't like and people are very energized about immigration and the idea that the political process shouldn't be respected here seems very strange to me the government thinks this court should respect the political process and that's when we talk about 1996 ira ira and all the expanded grounds of deportable deport deportability and how the congress specifically enacted sam sexual abuse of a minor and the crime of child abuse all of these to protect children to protect child victims that shows that congress and also before that they eliminated jayrod which is one of the foundations for costello jayrod is gone we have the strong we have the strong 1996 ira ira provision that congress you you want us to tip over costello and i would suggest congress can tip over costello i i agree it's wobbling but it's it's supreme court or or or us the u.s supreme court these cases keep coming up right i mean there are opportunities to go to the u.s supreme court if the court wants to say we're having second thoughts about costello that's another option yes your honor in this court um before this court is not only costello but there's also itchin lab your honor and so if the court decides to not follow costello because of the grounds of pillar that the board provided there's also itchin lab which itchin lab talks about the language of the statute and it provides no distinction between aliens who were naturalized or aliens who were not naturalized itchin lab just required was there an alien is he petitioner is an alien now there's no doubt about that he is an alien now does he have a conviction he does have a conviction his qualified conviction is the phrase has been it does use the phrase has been your honor but as costello recognized the use of the the use of the tense um the use of the tense b is not dispositive and so we have to look at the other language of the statute and this is where the government is urging the court to look at it holistically and to judge sutton's point it's seems to me that there's a number of these cases around the country i mean why isn't the answer i mean the supreme court keeps telling us don't overrule their cases i get what you're saying justice white's dissent may be compelling but it is a dissent why not just i don't understand either why isn't this more properly for the supreme court to get rid of costello it seems to me they have a very textual reading of one provision a very atextual reading of the other provision i don't know what to do with that every time i look at costello i feel like our hands are tied your honor i understand but it's costello is dated your honor it the ground the pillars of his there are a lot of cases that were dated and it doesn't give us liberty i mean agustini's pretty clear yes your honor however costello relied on three grounds and they're no longer the court should not rely on those grant those those grounds can be distinguishable and without those pillars the court can look to itchin lab instead and itchin lab just i'm actually trying to help you believe it or not with this question yes is the line that you would suggest we do as lower court judges say um costello just applies to the moral turpitude is that what we should do is that is that the right answer to this no your honor because we have we it shouldn't apply even to yes your honor okay it it should really is getting rid of the holding it's but the holding is based on foundations that no longer are degraded over time your honor you don't want to keep going down that road no but no i don't but i do want to focus on itchin lab your honor because the language is as costello said that the use of the tense is like the use of the tense b is not dispositive and so because that's not but they still had it it is so ordered line they still had a judgment at the end they did i totally agree with you i a hundred percent get your reasoning point but it still has a judgment it does and so does itchin lab your honor and so but there's a way to costello tells us how to reconcile those two judgments and the ways the three ways that the um that costello court is providing is asking the courts to reconcile the the two interpretation is there are three foundations but this court now in the modern statutory schemes can use different reasons to conclude that the other reading of the statute is the best reading of the statute and that those foundations that the government is is relying on is supported by itchin lab can i can i ask you because you've brought this in a number of circuits right in the aggravated felony i think the fifth the 11th maybe the third have you won anywhere have you gotten a single vote i mean even edith jones concurred and said it's a problem but there's nothing we can do about it no you're we have not your honor but we we do don't you think that's a problem for your three pillars argument when a lot of thought i mean you got bill prior you got edith jones got a lot of thoughtful judges that usually would be inclined to rule in your favor and they're all saying our hands are tied and they're saying that their hands are tied for different reasons your honors and we think that there are different reasons for this court's hands to not be tied we have one case where the fifth circuit relied on the relation back theory your honor and said because the second holding the relation back holding is controlling we will we the fifth circuit will apply the relation back theory the 11th circuit concluded that the statute could be read and ambiguous but reading the rest of the statute it isn't ambiguous and so we will apply chevron and the third circuit didn't apply chevron so an awesome circuit courts relied on castello and that's the government that's exactly the government's point your honor is there might be a judgment and that judgment line might exist but the reasons that underlying castello different courts are using them differently it's not consistent and so this court has a way to also read in favor of the government your honor in itchin lab well i agree with you we don't like arbitrary judgments that's true would you like me to address some of the other points that were raised about illegal procurement or other grounds that he can petitioner could be denaturalized or do you have any other questions for the government i don't think we have any other questions thank you so much thank you so much okay we'll hear rebuttal mine grad thank you your honors unless the court has further questions uh for me we're happy to rest on the briefs okay thank you very much and thanks to both of you for your excellent briefs it is a tricky case so we're really grateful to have great lawyers and thank you for answering our questions which we always appreciate case will be submitted